**FLETCHER, Plaintiff-Appellant, v. STANTON et, Defendants-Appellees.**

Ohio Appeals, Second District, Montgomery County.

No. 2229. Decided January 22, 1953.

Scharrer, Scharrer & Hanaghan, Dayton, for plaintiff-appellant.

Landis, Ferguson, Bieser & Greer, Dayton, for defendants-appellees.

**OPINION**

By THE COURT:

Submitted on motion of appellees to dismiss the appeal taken on questions of law and fact.

The action is one for a declaratory judgment. It is not such an action as was formerly cognizable in a court of chancery, and, therefore, is not appealable on questions of law and fact.

The motion to dismiss will be sustained; the case will be retained as an appeal on questions of law. **Sec. 12223-22 GC.**

The Court grants leave to appellant to file bill of exceptions, assignments of error and briefs within the time provided in the Supplement to Rule VII.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.

**FLETCHER, Plaintiff-Appellant, v. STANTON et, Defendants-Appellees.**

No. 2229. Decided December 4, 1953.

**OPINION**

By THE COURT:

This cause is presented on appeals instituted by the plaintiff and the defendants from a declaratory judgment of the Probate Court of Montgomery County, Ohio. The questions presented for determination by the pleadings relate to a trust created under the Last Will and Testament of John R. Fletcher, deceased. The plaintiff and the defendants were beneficiaries under the trust. John R. Fletcher died December 5, 1925.

Plaintiff sought a declaratory judgment determining what amounts and assets in the trusteeship at the time of establishing such trusteeship are corpus of the estate, what are profits or income derived from the corpus and what amounts and assets of the trusteeship, according to the last account filed in the Probate Court, are corpus of the estate and what amounts are income belonging to the beneficiaries, and for such other and further relief as will clarify the rights of the present beneficiaries as to the income and the remainderman, as to the corpus after the trusteeship ends, and further, what contribution should be made by the remaindermen and the beneficiaries of income, toward repairs and upkeep of the buildings and merchandise equipment of the trusteeship.

The plaintiff contended that there had been an accumulation of distributable income during the administration of the testamentary trust. The defendants answered. The first defense was a general denial that there had been an accumulation of distributable income as alleged in the petition. For a second defense it is averred that plaintiff has waived any and all rights to question the distributions of net income made pursuant to the Last Will and Testament of John R. Fletcher, deceased, to and including November 1, 1948, and by a third defense set up conduct of the plaintiff which it was claimed estopped her to deny that the distributions of the income had fully complied with the terms and provisions of the last will and testament of John R. Fletcher, deceased.

In the appeal of plaintiff, two errors are assigned:

1. Refusal of the court to go into the first and final account of the executor of the Fletcher estate to establish what was the corpus of the estate at the death of John Randolph Fletcher. And erred in not starting the trust at the time of the death of John Randolph Fletcher instead of after the filing of the first and final account.

2. Error in not specifically charging against the corpus the items of repairs and replacements on the building and in the business, and the assessments against the real estate.

The appeal of the defendants is directed to the findings and judgment of the trial court in disallowing certain depreciation charges with respect to the building used and occupied by the Fletcher Manufacturing Company.

The trial judge gave consideration to the questions presented and decided them in an extended written opinion which by agreement of counsel was incorporated into a finding of facts. Upon this finding of facts a judgment was entered consisting of eight specific adjudications. The court found with the defendants on all three of the defenses of the answer, but against them and their contention as to the allowance of depreciation on the real estate.

We are impressed with the care and consideration which Judge Love has given to the questions presented for his determination. He had an exceptional appreciation of the facts and of the legal principles controlling. Most of the issues were factual. There were no substantial differences as to the law controlling except as to the item of depreciation of the real estate. All questions presented by the appeals are fully answered in the written opinion with which we are in accord.

The judgment will be affirmed in its entirety.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.