Judgments, except that in case No. 5, reversed and cases remanded with directions; judgment in case No. 5 affirmed and case remanded with directions.

MACLEAN, Plaintiff-Appellant, v. J. S. MACLEAN COMPANY et, Defendants-Appellees.

Ohio Appeals, Second District, Franklin County.

No. 5240. Decided March 21, 1955.

James M. Hengst, Columbus, for plaintiff-appellant.
Harrison W. Smith, Columbus, for defendants-appellees.

## OPINION

By THE COURT.

Submitted on motion by the defendants-appellees seeking an order dismissing the appeal on questions of law and fact for the reason that the Court does not have jurisdiction to entertain such an appeal. The record discloses that the action originated in the Probate Court for Franklin County, Ohio, in which a declaratory judgment was sought by Jane S. MacLean for a determination of her rights in the estate of her deceased husband, and also praying that a conveyance of certain shares of stock made by the decedent during his lifetime be set aside on the grounds of fraud. Appellees rely upon the case of **Fletcher v. Stanton,**

**69 Abs 174,** in which this Court held that an action for declaratory judgment was not one formerly cognizable in a court of chancery and therefore not appealable on law and fact. It will be noted though that in the cited case no equitable relief was sought, so it is not on all fours with the case at bar.

Appellant cites the case of **P. M. Casualty Co. v. P. G. Lines, 68 Oh Ap 139,** which was an action for declaratory judgment and cancellation of an insurance policy. The Court held in this instance that an appeal may be had on law and fact, the first paragraph of the syllabus of which provides:

"Where a petition, praying for a declaratory judgment and cancellation of a liability insurance policy, states a cause of the character of an action in chancery for cancellation, the action will be treated as one in chancery, allowing an appeal on questions of law and fact." ·

We find also that the Supreme Court appears to have passed upon this same question in the case of **Meyer v. Meyer, 153 Oh St 408,** fifth paragraph of the syllabus:

"An action is a chancery case if it is necessary to determine whether plaintiff is entitled to equitable relief before other relief can be allowed."

In the case at bar it appears that a determination of the legality of the transfer of the shares of stock must be determined before there can be a declaratory judgment adjudication.

The motion will be overruled.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.