[Cite as *In re the Estate of Rife*, 2014-Ohio-3644.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY   COUNTY

| | | |
|---|---|---|
| In The Matter Of | : | |
| | : | Appellate Case No. 26072 |
| THE ESTATE OF | : | |
| DOROTHY J. RIFE | : | Trial Court Case No. 02-EST-341285 |
| | : | |
| | : | |
| | : | (Probate Appeal from |
| | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 22nd day of August, 2014.

. . . . . . . . . . .

MICHAEL J. MILLONIG, Atty. Reg. #0017228, Michael Millonig, LLC, 7601 Paragon Road, Suite 103, Dayton, Ohio 45459
        Attorney for Appellant, Debra Campbell

JOHN H. STACHLER, Atty. Reg. #0064130, and SEAN H. HARMON, Atty. Reg. #0068706, Martin, Folino, Harmon & Stachler, 214 West Monument Avenue, Post Office Box 10068, Dayton, Ohio 45402-7068
        Attorneys for Appellees, Hope Rife and Fred Rife

RICHARD RIFE, 2891 Kearns Avenue, Dayton, Ohio 45414
        Appellee, *pro se*

. . . . . . . . . . . .

HALL, J.

{¶ 1}    Debra Campbell appeals from the trial court's judgment entry vacating a prior order approving and settling a final account she had filed as administrator of her deceased mother's estate.

{¶ 2}    In her sole assignment of error, Campbell contends the trial court's entry sustaining a motion to vacate the final account is "against the manifest weight of the evidence and an error of law."

{¶ 3}    The record reflects that Campbell's mother, Dorothy Rife, died intestate in 2002. Campbell was appointed administrator of the estate. In that capacity, she filed a probate form listing herself and her brother, Richard Rife, as the next of kin. Campbell failed to mention appellees Hope and Fred Rife, the children of her predeceased brother, Ernie Rife. The estate was settled and divided equally between Campbell and Richard Rife. The trial court filed a March 2004 entry approving and settling the final account.

{¶ 4}    In February 2013, Hope and Fred Rife filed a motion under R.C. 2109.35(B) to vacate the order approving and settling the final account. They argued that they were entitled to share in the proceeds of the estate as lineal descendants of Ernie Rife. Following a hearing, a magistrate sustained the appellees' motion. In a July 29, 2013 decision, the magistrate found that the appellees were entitled to have the order approving and settling the final account vacated for good cause under R.C. 2109.35(B). The magistrate concluded that the statutory requirements had been satisfied and that Campbell's laches affirmative defense had not been established. Campbell filed objections challenging the magistrate's rejection of her laches defense. On January 7, 2014, the trial court overruled the objections, adopted the magistrate's decision, and vacated the 2004 order approving and settling the final account. On appeal, Campbell contends the evidence presented at the hearing before the magistrate established the elements of laches. She argues that

the trial court's contrary conclusion is against the weight of the evidence and contrary to law.

{¶ 5}    To provide some context, we begin our analysis with a review of the statute under which the appellees sought to vacate the 2004 order. As set forth above, the appellees brought their motion under R.C. 2109.35, which authorizes vacating an order settling a fiduciary's account under certain circumstances. In relevant part, it provides: "The order may be vacated for good cause shown, other than fraud, upon motion of any person affected by the order who was not a party to the proceeding in which the order was made and who had no knowledge of the proceeding in time to appear in it[.]"[1] R.C. 2109.35(B).

{¶ 6}    Here the trial court found that Hope and Fred Rife were affected by the March 2004 order, that they were not parties to the proceeding that produced it, that they had no knowledge of the proceeding in time to participate, and that good cause existed to vacate the order. In support, the trial court reasoned:

> There is no dispute that Movants are persons affected by the March 4 Order. Nor is there any real dispute that Movants were not parties to the proceeding in which the March 4 Order was made. R.C. 2109.35(B) provides that "[a] person affected by an order settling an account shall be considered to have been a party to the proceeding in which the order was made if that person was served with notice of the hearing on the account * * *, waived that notice,

---

[1] Although R.C. 2109.35(B) lacks a statute of limitation for moving to vacate a settlement order, it provides that "[n]either the fiduciary nor the fiduciary's surety shall incur any liability as a result of the vacation of an order settling an account in accordance with this division, if the motion to vacate the order is filed more than three years following the settlement of the fiduciary's account showing complete distribution of assets[.]" Notably, the statute also provides that this "three-year period shall not affect the liability of any heir, devisee, or distributee either before or after the expiration of that period." Here the appellees did not seek to hold Campbell liable in her capacity as a fiduciary. Rather, as the trial court recognized, they sought to hold her liable as an heir or distributee of Dorothy Rife's estate. (Doc. #39 at 8).

consented to the approval of the account, filed exceptions to the account, or is bound by section 2109.34 of the Revised Code." Movants testified that they did not receive notice of the hearing on the Final Account, did not waive notice of the hearing on the Final Account, did not consent to approval of the Final Account, and did not file exceptions to the Final Account. This testimony was not contradicted by any other evidence.

With respect to the third finding, which is disputed, Movants showed they had no knowledge of the hearing on the Final Account in time to appear in it. As indicated above, R.C. 2109.35(B) provides that a court may vacate an order approving a final account if the moving party "had no knowledge of the proceeding [in which the order was made] in time to appear in it." Movants testified that they had no knowledge of any Estate proceedings, including the hearing on the Final Account. This testimony was consistent with [Campbell's] testimony that she did not serve Movants with notice of any Estate proceedings and did not have any discussions with Movants regarding any Estate proceedings. Significantly, this testimony was not inconsistent with evidence showing that Movants were generally aware that Dorothy died owning personal and real property and that [Campbell] and Richard [Rife] distributed some of Dorothy's personal property to relatives and charity.

Turning to the fourth required finding, which is also disputed, Movants showed good cause to vacate the March 4 Order. Construing previous versions of

R.C. 2109.35, several appellate courts have held or strongly suggested that good cause exists when the court approves a final account while operating under a mistake of fact. * * * There is no dispute that Movants were entitled to inherit from Dorothy but were not listed on the Form 1.0. Thus, in entering the Order, the Court was operating under a mistake of fact regarding the identity of those entitled to inherit from Dorothy.

(Doc. #39 at 6-8).

{¶ 7}     With regard to laches, which was the subject of Campbell's objections below and is the focus of her assignment of error, the trial court reasoned:

Assuming arguendo that nine years constitutes an unreasonable delay or lapse of time, [Campbell] failed to show that Movants lacked an excuse for the delay or had actual or constructive knowledge of the injury or wrong. First, the evidence failed to show that Movants had actual knowledge of the alleged injury or wrong—i.e., [Campbell's] alleged failure to administer the Estate in accordance with R.C. 2105.06(A). There is no dispute that neither the Court nor [Campbell] served formal notice of any Estate proceedings on Movants and there is no evidence that either [Campbell] or Richard [Rife] informally mentioned or discussed any Estate proceedings with Movants. Second, the evidence failed to show that Movants, using reasonable care or diligence, would have been aware of the alleged injury or wrong. Rather, the evidence merely showed that Movants were aware that Dorothy died owning personal and real property and that [Campbell] and Richard [Rife] informally distributed some of Dorothy's

household goods to relatives and charities. Given the availability of estate planning devices to avoid probate, Movants' awareness of these circumstances did not constitute constructive knowledge of [Campbell's] alleged failure to properly administer the Estate. Third, Movants' lack of actual or constructive knowledge, even if it were not dispositive, would excuse any delay.

Finally, [Campbell] failed to show that she will suffer material prejudice as a result of any delay. While there was evidence that [Campbell's] recollection of her administration of the Estate may have faded over the past ten years, such recollection may be supplemented by the record, which includes [Campbell's] filings as administrator. These filings include the Final Account, which the parties stipulated accurately reflects [Campbell's] administration of the Estate. Further, while there was evidence that [Campbell] and Richard [Rife] changed their positions by spending the personal property that they received, and renovating, selling, and spending the proceeds of the sale of the real property that they received, there was no evidence that such changes were made in reasonable reliance on Movants' words or conduct. Indeed, given that Movants had no knowledge of any Estate proceedings, it would have been unreasonable for [Campbell] and Richard [Rife] to rely on Movants' failure to file exceptions to the Final Account. * * *

(*Id*. at 9-10).

**{¶ 8}** Upon review, we see no basis for reversing the trial court's rejection of Campbell's laches defense. "The affirmative defense of laches recognizes that a claim could be

'stale' even though filed within the statute of limitations. When a claim is brought within the statute of limitations, the doctrine of laches may still bar the claim if 'special circumstances' render the delay in enforcing the claim inequitable." (Citations omitted) *Gordon v. Reid*, 2d Dist. Montgomery No. 25507, 2013-Ohio-3649, ¶ 15. "Stated simply, laches is an equitable doctrine that bars a party from asserting an action when there is an unexcused delay that prejudices the opposing party. 'The elements of laches are (1) unreasonable delay or lapse of time in asserting a right, (2) absence of an excuse for such a delay, (3) knowledge—actual or constructive—of the injury or wrong, and (4) prejudice to the other party.' Each element must be established for laches to apply." (Citations omitted) *Id.* at ¶ 16. "Whether laches should bar an action is a fact-sensitive determination. Accordingly, we review the trial court's application of the doctrine of laches for an abuse of discretion. An abuse of discretion means 'that the court's attitude is unreasonable, arbitrary or unconscionable.' " (Citations omitted) *Id.* at ¶ 17; *see also Reid v. Wallaby's Inc.*, 2d Dist. Greene No. 2011-CA-36, 2012-Ohio-1437, ¶ 34 (reviewing the trial court's application of laches for an abuse of discretion).[2]

{¶ 9} As set forth above, the trial court assumed, arguendo, that the appellees' delay in challenging the 2004 order approving and settling the final account was excessively long. The trial court then found, however, that the appellees had a valid excuse for the delay, that they lacked actual or constructive knowledge of the injury or wrong, and that Campbell would not be prejudiced by vacation of the 2004 order.

---

[2] In their appellate brief, the appellees argue at length that an abuse-of-discretion standard applies to the trial court's analysis of their motion to vacate under R.C. 2109.35. While that may be true, Campbell's assignment of error and appellate argument focus on the trial court's rejection of her laches affirmative defense. Therefore, we have looked to case law addressing the standard of review for the application of laches rather than case law addressing the standard of review for claims brought under R.C. 2109.35.

{¶ 10}   On appeal, Campbell addresses each element of laches. With regard to the length of the delay (the first element), she maintains that the appellees were not required to have "formal notice" or to have counsel advise them of their rights before taking some action. She claims the appellees "both had full knowledge of the decedent's estate administration for an eleven year period and did nothing." (Appellant's brief at 9). She asserts that "[a]n eleven year period should be sufficient grounds for this Court to find unreasonable delay on the part of the Appellees in filing their motion." As a result, she contends the trial court should have found the first element of her laches defense satisfied. We note, however, that the trial court *did* find the first element satisfied. It assumed, arguendo, that the delay at issue was unreasonably long.[3] It rejected her laches defense based on a failure of proof regarding the other elements. (Doc. #39 at 9).

{¶ 11}   Campbell also challenges the trial court's finding that the appellees lacked actual or constructive knowledge of the injury or wrong (the third element). She reasons that such knowledge was established through testimony that they were aware of their grandmother's death and of the fact that she owned a house and personal property. Campbell further argues that the trial court erred in finding a valid excuse for the appellees' delay (the second element) due to

_____

[3]We need not decide whether the delay here was unreasonably long because the trial court ruled against Campbell on the other elements of her laches defense. We do note, however, that the delay in a laches case is not measured from when the challenged action occurred. Rather, it is measured from when the injured party has actual knowledge or is deemed to have had at least constructive knowledge of the injury.   *Portage Cty. Bd. of Commrs. v. Akron*, 109 Ohio St.3d, 2006-Ohio-954, 846 N.E.2d 478, ¶ 82 ("Thus, the party relying on the defense of laches must demonstrate at least constructive knowledge of the injury on the part of the affected party as a starting point of the delay that it asserts."); *Stevens v. National City Bank*, 45 Ohio St.3d 276, 285, 544 N.E.2d 612 (1989) (recognizing that laches involves a delay in asserting rights after receiving knowledge or notice); *Ellis v. Patonai*, 9th Dist. Wayne No. 06CA0012, 2006-Ohio-5054, ¶ 13, citing *Cox v. Garrett*, 2d Dist. Greene No. 81-CA-69, 1982 WL 3782 (Aug. 23, 1982), at *2 ("Generally, the delay [in a laches case] is measured from the point in time at which the complaining party, having actual or constructive knowledge of the violation[,] * * * reasonably could have instituted suit."). The trial court here found that the appellees both lacked actual or constructive knowledge of their injury until shortly before they sought relief under R.C. 2109.35.

their lack of actual or constructive knowledge. Even if the appellees did lack such knowledge, she argues that their lack of knowledge cannot be used to excuse their delay. Campbell reasons: "If lack of knowledge could satisfy the requirement for no excuse for a delay, then the latter would not be a separate requirement. There must be separate facts and circumstances concerning the element of delay." (Appellant's brief at 10). Finally, she claims the trial court erred in finding no prejudice to her (the fourth element). She argues that prejudice was shown because she and Richard Rife sold their mother's house and spent all of the estate proceeds in reliance on the appellees' years of inaction.

{¶ 12} Having reviewed the record, we find no merit in Campbell's argument that the trial court erred in rejecting her laches defense. The trial court's judgment is neither against the weight of the evidence nor contrary to law. At a minimum, the evidence supports the trial court's finding that the appellees lacked actual or constructive knowledge of the injury or wrong. Here the pertinent injury or wrong was the appellees' exclusion from the prior proceedings, due to Campbell's failure to list them as heirs, which resulted in them not sharing in the probate estate. Both appellees testified that they never received actual notice of the probate proceedings. (Tr. at 27, 33-34). Appellee Hope Rife did recall once driving past her deceased grandmother's house and seeing "a bunch of stuff out." She stopped and was told to take what she wanted because the rest was going to charity. (*Id.* at 34). As for Fred Rife, he claimed Campbell advised him that he and his sister "would not be getting anything." (*Id*. at 30). With regard to Campbell's argument that constructive knowledge existed based on the appellees' general awareness of their grandmother's death and her ownership of assets, the trial court concluded otherwise. It reasoned:

> * * * [T]he evidence failed to show that Movants, using reasonable care or

diligence, would have been aware of the alleged injury or wrong. Rather, the evidence merely showed that Movants were aware that Dorothy died owning personal and real property and that [Campbell] and Richard [Rife] informally distributed some of Dorothy's household goods to relatives and charities. Given the availability of estate planning devices to avoid probate, Movants' awareness of these circumstances did not constitute constructive knowledge of [Campbell's] alleged failure to properly administer the Estate. * * *

(Doc. #39 at 9).

{¶ 13} We do not find the trial court's resolution of the "knowledge" issue to be unreasonable, arbitrary, or unconscionable. The trial court drew a reasonable distinction between the appellees knowing that the decedent died owning some property and knowing that she had a probate estate from which they were entitled to share. The appellees' actual knowledge of the former did not constitute constructive knowledge of the latter.[4] Moreover, Campbell's failure to establish the appellees' actual or constructive knowledge of the injury or wrong is fatal to her laches defense. As noted above, "[e]ach element must be established for laches to apply." *Gordon* at ¶ 16. Because the record supports the trial court's finding that Campbell failed to establish the "knowledge" element, we need not decide whether the trial court also correctly analyzed the other elements.

{¶ 14} Campbell's assignment of error is overruled, and the trial court's judgment is affirmed.

. . . . . . . . . . . . .

FROELICH, P.J., and DONOVAN, J., concur.

Copies mailed to:

Michael J. Millonig
John H. Stachler

---

[4]The case law cited in Campbell's brief fails to persuade us otherwise. She cites 1937 and 1956 New York cases, a 1937 New Hampshire case, a 1953 Illinois case, and a 1984 Montana case. Even setting aside the fact that these cases are from other jurisdictions, none of them say anything contrary to our analysis herein. Campbell also cites a 1952 Montgomery County trial court decision in *Fletcher v. Stanton*, 69 Ohio Law Abs. 161, 124 N.E.2d 495 (C.P. 1952), and this court's affirmance of that decision in *Fletcher v. Stanton*, 69 Ohio Law Abs. 174, 124 N.E.2d 493 (2d Dist. 1953). In *Fletcher*, this court upheld the trial court's refusal to allow the plaintiff to challenge the settlement of an executor's final accounting that she had approved twenty-five years earlier. *See Fletcher*, 124 N.E.2d at 498. *Fletcher* is distinguishable from the present case because here the appellees did not approve Campbell's 2004 final account.

Sean H. Harmon
Richard Rife
Hon. Alice O. McCollum